1   DAVID I. KELVIN, Esq. (095190)
    1516 Oak Street
2   Suite 316
    Alameda, CA 94501
3   T: 510-865-0792
    F: 510-865-0793
4

5   Attorney for Plaintiff LaDONNA SMITH, as
    Guardian ad Litem for Unborn Baby Brown
6

7   JOHN L. BURRIS, Esq.
    ADANTE POINTER, Esq.
8   LAW OFFICES OF JOHN L. BURRIS
    Airport Corporate Center
9   7677 Oakport St., Suite 1120
    Oakland, CA 94621
10  T:  510-839-5200
    F:  510-839-3882
11

12  Attorneys for Plaintiffs LORIANNE DAVIS, RAHEIM BROWN, SR.,
    and NFH by and through her Guardian ad Litem FLORDELIZA HARRELL
13

14  PETER P. EDRINGTON, Esq. (074355)
    JAMES M. MARZAN, Esq. (133931)
15  EDRINGTON, SCHIRMER & MURPHY LLP
    2300 Contra Costa Boulevard, Suite 450
16  Pleasant Hill, CA  94523-3936
    Telephone:  (925) 827-3300
17  Facsimile:  (925) 827-3320

18  Attorneys for Defendant OAKLAND UNIFIED SCHOOL DISTRICT
    And BARHIN BHATT
19

20  James T. Anwyl, Esq.
    Lynn A. Garcia, Esq.
21  ANWYL, SCOFFIELD & STEPP, LLP
    P. O. Box 269127
22  Sacramento, CA 95826-9127
    Telephone: 916-565-1800
23  Facsimile: 916-565-2374

24  Attorneys for Defendant JONATHAN BELLUSA

25  //

26  //

27  //

28

1

Stipulated Protective Order

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaDONNA SMITH, as Guardian ad Litem for Unborn Baby Brown,<br><br>    Plaintiff,<br><br> vs.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT, BARHIN BHATT, JONATHAN BELLUSA and DOES 1 to 10,<br><br>    Defendants. | CASE NO.: 3:11-cv-2354 EMC<br><br>**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION** |
| LORIANNE DAVIS AND RAHEIM BROWN SR., individually and as personal representatives of the ESTATE OF RAHEIM BROWN JR.; ESTATE OF RAHEIM BROWN JR., and N.F.H., a minor, by and through her guardian ad litem FLORDELIZA HARRELL,<br><br>    Plaintiffs<br><br> vs.<br><br>CITY OF OAKLAND, a municipal corporation; OAKLAND UNIFIED SCHOOL DISTRICT; PETER C. SARNA in his official capacity as CHIEF OF POLICE for OAKLAND Unified School District; et al.,<br><br>    Defendants. | CONSOLIDATED CASES |

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket

1    protections on all disclosures or responses to discovery and that the protection it affords from

2    public disclosure and use extends only to the limited information or items that are entitled to

3    confidential treatment under the applicable legal principles. The parties further acknowledge, as

4    set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file

5    confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

6    followed and the standards that will be applied when a party seeks permission from the court to

7    file material under seal.

8        2. DEFINITIONS

9        2.1 Challenging Party: a Party or Non-Party that challenges the designation of

10   information or items under this Order.

11       2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is

12   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

13   of Civil Procedure 26(c).

14       2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well

15   as their support staff).

16       2.4 Designating Party: a Party or Non-Party that designates information or items that it

17   produces in disclosures or in responses to discovery as "CONFIDENTIAL."

18       2.5 Disclosure or Discovery Material: all items or information, regardless of the medium

19   or manner in which it is generated, stored, or maintained (including, among other things,

20   testimony, transcripts, and tangible things), that are produced or generated in disclosures or

21   responses to discovery in this matter.

22       2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the

23   litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

24   consultant in this action.

25       2.7 House Counsel: attorneys who are employees of a party to this action. House Counsel

26   does not include Outside Counsel of Record or any other outside counsel.

27

28

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party

4

1   prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

2   obtained the information lawfully and under no obligation of confidentiality to the Designating

3   Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4        4. DURATION

5        Even after final disposition of this litigation, the confidentiality obligations imposed by

6   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

7   order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

8   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

9   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

10  action, including the time limits for filing any motions or applications for extension of time

11  pursuant to applicable law.

12       5. DESIGNATING PROTECTED MATERIAL

13       5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or

14  Non-Party that designates information or items for protection under this Order must take care to

15  limit any such designation to specific material that qualifies under the appropriate standards. The

16  Designating Party must designate for protection only those parts of material, documents, items,

17  or oral or written communications that qualify – so that other portions of the material,

18  documents, items, or communications for which protection is not warranted are not swept

19  unjustifiably within the ambit of this Order.

20       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

21  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

22  unnecessarily encumber or retard the case development process or to impose unnecessary

23  expenses and burdens on other parties) expose the Designating Party to sanctions.

24       If it comes to a Designating Party's attention that information or items that it designated

25  for protection do not qualify for protection, that Designating Party must promptly notify all other

26  Parties that it is withdrawing the mistaken designation.

27

28

Stipulated Protective Order

1        5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see,

2   e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure

3   or Discovery Material that qualifies for protection under this Order must be clearly so designated

4   before the material is disclosed or produced.

5        Designation in conformity with this Order requires:

6        (a) for information in documentary form (e.g., paper or electronic documents, but

7   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

8   Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a

9   portion or portions of the material on a page qualifies for protection, the Producing Party also

10  must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

11  margins).

12       A Party or Non-Party that makes original documents or materials available for inspection

13  need not designate them for protection until after the inspecting Party has indicated which

14  material it would like copied and produced. During the inspection and before the designation, all

15  of the material made available for inspection shall be deemed "CONFIDENTIAL." After the

16  inspecting Party has identified the documents it wants copied and produced, the Producing Party

17  must determine which documents, or portions thereof, qualify for protection under this Order.

18  Then, before producing the specified documents, the Producing Party must affix the

19  "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or

20  portions of the material on a page qualifies for protection, the Producing Party also must clearly

21  identify the protected portion(s) (e.g., by making appropriate markings in the margins).

22       (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

23  Designating Party identify on the record, before the close of the deposition, hearing, or other

24  proceeding, all protected testimony.

25       (c) for information produced in some form other than documentary and for any other

26  tangible items, that the Producing Party affix in a prominent place on the exterior of the container

27  or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a

28

Stipulated Protective Order

1  portion or portions of the information or item warrant protection, the Producing Party, to the

2  extent practicable, shall identify the protected portion(s).

3       5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

4  designate qualified information or items does not, standing alone, waive the Designating Party's

5  right to secure protection under this Order for such material. Upon timely correction of a

6  designation, the Receiving Party must make reasonable efforts to assure that the material is

7  treated in accordance with the provisions of this Order.

8       6. CHALLENGING CONFIDENTIALITY DESIGNATION

9       6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of

10  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

11  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

12  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

13  challenge a confidentiality designation by electing not to mount a challenge promptly after the

14  original designation is disclosed.

15       6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process

16  by providing written notice of each designation it is challenging and describing the basis for each

17  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

18  recite that the challenge to confidentiality is being made in accordance with this specific

19  paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good

20  faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of

21  communication are not sufficient) within 14 days of the date of service of notice. In conferring,

22  the Challenging Party must explain the basis for its belief that the confidentiality designation was

23  not proper and must give the Designating Party an opportunity to review the designated material,

24  to reconsider the circumstances, and, if no change in designation is offered, to explain the basis

25  for the chosen designation. A Challenging Party may proceed to the next stage of the challenge

26  process only if it has engaged in this meet and confer process first or establishes that the

27  Designating Party is unwilling to participate in the meet and confer process in a timely manner.

28

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation

Stipulated Protective Order

1   has been terminated, a Receiving Party must comply with the provisions of section 13 below

2   (FINAL DISPOSITION).

3        Protected Material must be stored and maintained by a Receiving Party at a location and

4   in a secure manner that ensures that access is limited to the persons authorized under this Order.

5        7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

6   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7   information or item designated "CONFIDENTIAL" only to:

8        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

9   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

10  for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

11  is attached hereto as Exhibit A;

12       (b) the officers, directors, and employees (including House Counsel) of the Receiving

13  Party to whom disclosure is reasonably necessary for this litigation and who have signed the

14  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15       (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

16  reasonably necessary for this litigation and who have signed the "Acknowledgment and

17  Agreement to Be Bound" (Exhibit A);

18       (d) the court and its personnel;

19       (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and

20  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

21  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22       (f) during their depositions, witnesses in the action to whom disclosure is reasonably

23  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

24  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

25  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

26  bound by the court reporter and may not be disclosed to anyone except as permitted under this

27  Stipulated Protective Order.

28

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

10

1   Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

2   additional protections.

3          (b) In the event that a Party is required, by a valid discovery request, to produce a Non-

4   Party's confidential information in its possession, and the Party is subject to an agreement with

5   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

6          1. promptly notify in writing the Requesting Party and the Non-Party that some or all of

7   the information requested is subject to a confidentiality agreement with a Non-Party;

8          2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

9   litigation, the relevant discovery request(s), and a reasonably specific description of the

10   information requested; and

11          3. make the information requested available for inspection by the Non-Party.

12          (c) If the Non-Party fails to object or seek a protective order from this court within 14

13   days of receiving the notice and accompanying information, the Receiving Party may produce the

14   Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

15   seeks a protective order, the Receiving Party shall not produce any information in its possession

16   or control that is subject to the confidentiality agreement with the Non-Party before a

17   determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the

18   burden and expense of seeking protection in this court of its Protected Material.

19          10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

20          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

21   Material to any person or in any circumstance not authorized under this Stipulated Protective

22   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

23   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

24   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

25   _____

26          [1] The purpose of this provision is to alert the interested parties to the existence of
confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its
27   confidentiality interests in this court.

28

Stipulated Protective Order

1    made of all the terms of this Order, and (d) request such person or persons to execute the

2    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3        11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

4        PROTECTED MATERIAL

5        When a Producing Party gives notice to Receiving Parties that certain inadvertently

6    produced material is subject to a claim of privilege or other protection, the obligations of the

7    Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

8    provision is not intended to modify whatever procedure may be established in an e-discovery

9    order that provides for production without prior privilege review. Pursuant to Federal Rule of

10   Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

11   communication or information covered by the attorney-client privilege or work product

12   protection, the parties may incorporate their agreement in the stipulated protective order

13   submitted to the court.

14       12. MISCELLANEOUS

15       12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to

16   seek its modification by the court in the future.

17       12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order

18   no Party waives any right it otherwise would have to object to disclosing or producing any

19   information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

20   no Party waives any right to object on any ground to use in evidence of any of the material

21   covered by this Protective Order.

22       12.3 Filing Protected Material. Without written permission from the Designating Party or

23   a court order secured after appropriate notice to all interested persons, a Party may not file in the

24   public record in this action any Protected Material. A Party that seeks to file under seal any

25   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

26   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

27   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

28

1   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

2   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

3   Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the

4   Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-

5   5(e) unless otherwise instructed by the court.

6        13. FINAL DISPOSITION.

7        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

8   Receiving Party must return all Protected Material to the Producing Party or destroy such

9   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

10   compilations, summaries, and any other format reproducing or capturing any of the Protected

11   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

12   submit a written certification to the Producing Party (and, if not the same person or entity, to the

13   Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all

14   the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has

15   not retained any copies, abstracts, compilations, summaries or any other format reproducing or

16   capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

17   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

18   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

19   product, and consultant and expert work product, even if such materials contain Protected

20   Material. Any such archival copies that contain or constitute Protected Material remain subject to

21   this Protective Order as set forth in Section 4 (DURATION).

22        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

23

24   DATED: ~~October~~ November 19, 2012          DAVID I. KELVIN

25

26                     David I. Kelvin, Esq.

                       Attorney for Plaintiff LaDONNA SMITH

27   //

28

DATED: October __, 2012   *November 19, 2012*

LAW OFFICES OF JOHN BURRIS

_____
John L. Burris   *Adante Pointer*
Attorney for Plaintiff LORIANNE DAVIS
and RAHEIM BROWN Sr., et al.

DATED: October 3, 2012   *December 3*

EDRINGTON, SCHIRMER & MURPHY

_____
Peter P. Edrington, Esq.
James M. Marzan, Esq.
Attorneys for Defendants OAKLAND
UNIFIED SCHOOL DISTRICT and
BARHIN BHATT

DATED: October __, 2012

SCOFFIELD & STEPP, LLP

/s/
_____
James T. Anwyl, Esq.
Attorneys for Defendant
JONATHAN BELLUSA

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2012   12/4

United States D____

IT IS SO ORDERED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of _____ [insert formal name of

the case and the number and initials assigned to it by the court]. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____