1  PETER P. EDRINGTON, Esq. (074355)
   JAMES M. MARZAN, Esq. (133931)
2  EDRINGTON, SCHIRMER & MURPHY LLP
   2300 Contra Costa Boulevard, Suite 450
3  Pleasant Hill, CA  94523-3936
   Telephone:  (925) 827-3300
4  Facsimile:   (925) 827-3320

5  Attorneys for Defendants OAKLAND UNIFIED SCHOOL DISTRICT,
   BARHIN BHATT and PETER SARNA
6

7                  UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9  LaDONNA SMITH, as Guardian ad Litem for  )
   Unborn Baby Brown,                       )
10                                          )  CASE NO.: 3:11-cv-2354 EMC
                                            )
11              Plaintiff,                  )  **DEFENDANTS OAKLAND UNIFIED**
        vs.                                 )  **SCHOOL DISTRICT, BARHIN BHATT**
12                                          )  **AND PETER SARNA'S OPPOSITION**
   OAKLAND UNIFIED SCHOOL DISTRICT,         )  **TO PLAINTIFF'S MOTION TO**
13 BARHIN BHATT, JONATHAN BELLUSA           )  **COMPEL PRODUCTION OF**
   and DOES 1 to 10,                        )  **DOCUMENTS**
14                                          )
                Defendants.                 )  DATE:         May 14, 2013
15                                          )  TIME:         9:00 a.m.
                                            )  COURTROOM: E, 15th Floor
16                                          )
                                               **Honorable Elizabeth D. LaPorte**
17  _____

18
    LORIANNE DAVIS AND RAHEIM             )
19  BROWN SR., individually and as personal )  CONSOLIDATED CASES
    representatives of the ESTATE OF RAHEIM )
20  BROWN JR.; ESTATE OF RAHEIM            )
    BROWN JR., and N.F.H., a minor, by and )
21  through her guardian ad litem FLORDELIZA )
    HARRELL,                               )
22                                          )
                Plaintiffs                  )
23                                          )
        vs.                                 )
24                                          )
    CITY OF OAKLAND, a municipal            )
25  corporation; OAKLAND UNIFIED SCHOOL     )
    DISTRICT; PETER C. SARNA in his official )
26  capacity as CHIEF OF POLICE for         )
    OAKLAND Unified School District; et al., )
27                                          )
                Defendants.                 )
28  _____

                              1

Defendants OAKLAND UNIFIED SCHOOL DISTRICT ("OUSD"), BARHIN BHATT and PETER SARNA hereby submit their Opposition to Plaintiffs' Motion to Compel Production of Documents as follows:

## I. FACTUAL BACKGROUND

These consolidated civil rights actions arise out of a police shooting incident on the evening of January 22, 2011, on Joaquin Miller Road in Oakland. Sgt. BARHIN BHATT and Sgt. JONATHAN BELLUSA of the Oakland School Police Department were assigned to provide security for a Skyline High School dance at the Joaquin Miller Community Center. During a patrol of the outlying area, they came upon a car that was stopped on the side of the road with its emergency flashers on. The officers stopped to see if the occupants needed assistance.

When the officers approached the vehicle, they immediately smelled the odor of burning marijuana. Sgt. BHATT approached the driver's side to make contact with the driver. Sgt. BELLUSA was the cover officer. However, due to suspicious and furtive movements by the passenger (Raheim Brown), Sgt. BELLUSA approached the vehicle on the passenger side and opened the passenger door. BELLUSA tried to engage in a conversation with Brown, who seemed nervous. (He had an outstanding warrant and told the driver that he did not want to go back to jail.) Brown then attempted to start the vehicle by inserting a screwdriver into the ignition, which had been punched. Brown also yelled to the driver (Timesha Stewart) to "Drive! Drive! Drive!" and "Go bitch, go!" BELLUSA reached into the vehicle to stop Brown from starting the car and to pull him out of it. Brown resisted and a struggle ensued.

BHATT reached into the car from the driver's side and began striking Brown in his head and shoulders area with his 6" flashlight. BHATT instructed Brown to stop resisting. Brown then began stabbing BELLUSA with the screwdriver in his upper chest area, coming very close to his throat. BHATT took out his gun and again told Brown to stop resisting. At that time, BHATT saw the butt of a pistol sticking out of the passenger side door pocket. Facing serious bodily injury and/or death, BELLUSA yelled, "Shoot him! Shoot him!" In defense of the life of BELLUSA and in fear of his own life, BHATT fired several shots at Brown, which resulted in his death.

Plaintiffs allege that the officers used excessive force. Defendants deny the allegations of plaintiffs' Complaints. Defendants contend that none of decedent's constitutional rights were violated and that Sgt. BHATT's and Sgt. BELLUSA's actions were lawful and proper as decedent posed an imminent threat of death or serious bodily harm to the officers. Defendants deny any wrongdoing and have raised qualified immunity, comparative fault and other affirmative defenses.

## II. ARGUMENT

### A. PLAINTIFFS FILED THEIR DISCOVERY MOTION UNDER THE WRONG CASE NUMBER.

On February 16, 2012, the Court issued an Order, pursuant to stipulation, consolidating these cases, with the *LaDonna Smith v. Oakland Unified School District et al.*, Case No. 3:11-cv-2354 EMC, being the lead case. (See Document No. 28, attached as **Exhibit A** to the Declaration of James M. Marzan.)

Plaintiffs DAVIS filed their motion under their original case, *Lorianne Davis et al. v. City of Oakland, et al.*, Case No. 3:11-cv-05675 EMC. OUSD never received an e-filing regarding Plaintiffs' Motion to Compel. Counsel received the instant motion when plaintiffs' attorney, Adante Pointer, emailed it to counsel on April 15, 2013 at 9:36 p.m. Counsel for OUSD did not review plaintiffs' motion until April 16, 2013. (See Declaration of James M. Marzan and **Exhibit B** attached thereto.)

### B. PROCEDURAL HISTORY CONCERNING PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. ONE, TO OUSD.

Plaintiffs served their Requests for Production of Documents, Set No. One, on OUSD by mail on March 17, 2012. (See **Exhibit C** to the Declaration of James M. Marzan.) OUSD served its written response to plaintiffs' document request on May 3, 2012. (See **Exhibit D** to the Declaration of James M. Marzan.)

Nearly four months later, on October 4, 2012, defense counsel received an email from plaintiffs' attorney regarding production of the officers' personnel files and the Internal Affairs investigation related to the subject shooting. (See **Exhibit E** to Declaration of James M. Marzan.) In response, defense counsel sent a letter to plaintiffs' attorney, dated October 9, 2012, outlining

that back in May 2012, OUSD served objections but was willing to provide the officer's training record and job description subject to a protective order. A protective order was provided at that time. (See **Exhibit F** to Declaration of James M. Marzan).

The parties agreed to have a meet and confer meeting in person to discuss the discovery issues; the meeting took place in Mr. Pointer's office on November 19, 2012. OUSD agreed to produce the Internal Affairs Investigation Report concerning the shooting and Sgt. BHATT's entire personnel file with redaction of personal information related to Social Security numbers, salary and benefits. With respect to defendant BELLUSA's personnel file, it was OUSD's counsel's understanding that plaintiffs' attorney and defendant BELLUSA's counsel, James Anwyl, had engaged in lengthy meet and confer discussions regarding the production of BELLUSA's personnel file, that an agreement was reached as to the scope of the production and that BELLUSA's counsel sent plaintiffs' attorney everything that was agreed upon. (See Declaration of James M. Marzan.)

On December 3, 2012, OUSD provided a copy of the Internal Affairs Investigation Report concerning the subject shooting and a copy of Sgt. BHATT's personnel files to all counsel as previously agreed. (See **Exhibit G** to the Declaration of James M. Marzan.)

Plaintiffs did not make any further inquiries regarding further documents related to their Request for Production of Documents until the Settlement Conference with the Hon. Maria Elena James, on March 19, 2013. The Court issued its Order which is attached. (See **Exhibit H** to the Declaration of James M. Marzan.)

At the continued deposition of defendant BELLUSA on March 28, 2013, further discussions were conducted on production of the audio recordings of the statements of BHATT and BELLUSA. OUSD's counsel informed the parties that he did not have the Internal Affairs audio recordings, only the audio recordings of statements of BHATT and BELLUSA taken by the Oakland Police Department on the night of the shooting.

Since then, OUSD has been in the process of gathering all of the Internal Affairs investigation materials concerning the shooting used by the investigator, Peter Peterson, including audio recordings of Sgt. BHATT and BELLUSA taken by Mr. Peterson. OUSD's counsel never

4
Defendants' Opposition to Motion to Compel

had copies of the audio recordings; the only audio recordings OUSD's counsel had were the recordings taken by Oakland Police Department on the night of the incident. (See Declaration of James M. Marzan.)

On April 16, 2013, OUSD's counsel was finally forwarded a copy of the audio recordings that Mr. Peterson took of Sgt. BHATT and BELLUSA as part of his Internal Affairs investigation. Those recordings, along with Mr. Peterson's file, have been copied and forwarded to all counsel on April 19, 2013. (See **Exhibit I** to the Declaration of James M. Marzan.)

### C. EMAILS FROM BELLUSA TO OUSD EMPLOYEE NATOYA BRICE

By this Motion, plaintiffs seek emails purportedly sent by defendant BELLUSA to Natoya Brice, a staff member in OUSD's Human Resources Department, regarding the subject of an alleged cover-up concerning the subject shooting. Plaintiffs never sent a formal written discovery request for these emails. In the spirit of cooperation, OUSD has looked for any emails from defendant BELLUSA to Ms. Brice regarding the subject of an alleged cover-up concerning the subject shooting. No such communications have been located. (See Declaration of James M. Marzan.)

### D. CELLULAR TELEPHONE RECORDS

Plaintiffs seek the telephone records for defendant BARHIN BHATT's cell phone for the night of the subject incident. Again, these documents were never part of a formal written discovery request. However, in the spirit of cooperation, OUSD obtained the subject cell phone records, which were sent to all parties on April 19, 2013. (See **Exhibit J** to Declaration of James M. Marzan.)

### E. INTERNAL AFFAIRS REPORT CONCERNING PETER SARNA

At the Settlement Conference on March 19, 2013, plaintiffs were advised by Michael Smith, General Counsel for OUSD, that no Internal Affairs Investigation Report existed concerning the conduct of former Police Chief PETER SARNA because Mr. SARNA resigned his post. No Internal Affairs Investigation Report was ever prepared concerning SARNA. (See Declaration of James M. Marzan.)

**F. INTERNAL AFFAIRS INVESTIGATION CONCERNING JONATHAN BELLUSA.**

At the Settlement Conference on March 19, 2013, Mr. Smith also advised plaintiffs that the Internal Affairs investigation concerning BELLUSA had not been completed as BELLUSA had not been interviewed. At the Conference, OUSD's counsel understood that Judge James stated that the BELLUSA Internal Affairs investigation did not have to be produced since the report was not completed. (See Declaration of James M. Marzan.)

**III. CONCLUSION.**

Upon receipt of the complete Internal Affairs investigation materials concerning the subject incident, including the audio recorded statements of BHATT and BELLUSA taken by Peter Peterson, counsel immediately had those materials copied and sent to all counsel on April 19, 2013.

With respect to cellular phone records of Sgt. BHATT's cell phone on the night of the incident, although those records were never formally included in a discovery request, counsel produced those records to all parties on April 19. 2013.

With respect to emails between BELLUSA and OUSD employee Natoya Brice regarding the subject of an alleged cover-up concerning the subject shooting, although those records were never included in a formal discovery request to OUSD, OUSD has searched for such emails. No such emails were located.

With respect to the Internal Affairs Investigation Report as to PETER SARNA and JONATHAN BELLUSA, no report was prepared as to PETER SARNA and the BELLUSA report has not been completed.

OUSD respectfully submits that it is in compliance with the Court's Discovery Order and respectfully requests that the Court deny plaintiffs' Motion.

DATED: April 23, 2013              EDRINGTON, SCHIRMER & MURPHY LLP

/s/
Peter P. Edrington, Esq.
James M. Marzan, Esq.
Attorneys for Defendants OAKLAND USD and BARHIN BHATT